rcpt # 1870
NO SUM
1538

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN B. COREY, )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>SAMUEL J. NASSAN, III, )<br>individually and in his capacity )<br>as an officer of the Pennsylvania )<br>State Police, the PENNSYLVANIA )<br>STATE POLICE, and JEFFREY B. )<br>MILLER, in his capacity as )<br>commissioner of the Pennsylvania )<br>State Police, )<br>)<br>DEFENDANTS. ) | Civil Action No. 05-0114 |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 42 U.S.C. §1983. This Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202.

2. The actions complained of were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

### PARTIES

3. The Plaintiff, Stephen B. Corey, is an adult citizen of the United States and a resident of Allegheny County, Pennsylvania, residing at 736 Greentree Road, Pittsburgh, Pennsylvania 15220.

4. The Defendant, Samuel J. Nassan, III, is an officer of the Pennsylvania State Police, stationed at the Pennsylvania State Police Station at 449 McCormick Road, Moon Township, Allegheny County, Pennsylvania 15108.

5. The Defendant, the Pennsylvania State Police, is a department of the Commonwealth of Pennsylvania headquartered at 1800 Elmerton Avenue, Harrisburg, Dauphin County, Pennsylvania 17110.

6. The Defendant, Jeffrey B. Miller, is the commissioner, and at all times material was, the commissioner of the Pennsylvania State Police.

7. At all times relevant, the Defendants acted under color of state law. At all times relevant, Defendant Samuel J. Nassan, III, acted within the scope of his employment with the Pennsylvania State Police.

## GENERAL ALLEGATIONS

8. On June 25, 2004, while the Plaintiff was driving in a legal and proper manner on State Route 22/30 in Robinson Township, Allegheny County, Pennsylvania, Defendant Samuel J. Nassan, III, issued a traffic citation to the Plaintiff under the Pennsylvania Vehicle Code, 75 Pa. C.S. §3336(1). A true and correct copy of the said citation is attached hereto and marked "Exhibit A."

9. 75 Pa. C.S. §3336(1) concerns the proper way to signal other traffic vehicles for a left turn.

10. In describing on the citation the hand gesture allegedly given by Plaintiff, the Defendant Samuel J. Nassan, III, wrote that the Plaintiff "did give an improper hand signal while passing my patrol car namely middle finger up."

11. The sole reason the Defendant Samuel J. Nassan, III, gave the said traffic citation to the Plaintiff was not because he violated the cited section of the Vehicle Code, but because the Defendant Samuel J. Nassan, III, perceived the said hand gesture as insulting to the officer.

12. The courts of the Commonwealth of Pennsylvania and the United States of America have ruled that the finger gesture in question is Constitutionally protected free speech under the First Amendment of the United States Constitution.

13. Defendant Samuel J. Nissan, III, knew, or should have known, that the finger gesture in question was Constitutionally protected and was not a violation of Section 3336(1) of the Pennsylvania Vehicle Code.

14. As the employer of the Defendant Samuel J. Nissan, III, the Defendant Pennsylvania State Police, pursuant to its custom, pattern, practice or policy, failed to properly instruct Defendant Samuel J. Nissan, III, as to the proper interpretation of Section 3336(1) of the Pennsylvania Vehicle Code or the right of free speech of the residents of Pennsylvania.

15. As the commissioner of Pennsylvania State Police, Defendant Jeffrey B. Miller, pursuant to his custom, pattern, practice or policy, failed to properly supervise the Pennsylvania State Police, so that its police officers would follow the proper interpretation of Section 3336(1) of the Pennsylvania Vehicle Code and respect the right of free speech of the residents of Pennsylvania.

16. On November 23, 2004, the Plaintiff was adjudged not guilty by the Honorable Robert Gallo of the Court of Common Pleas of Allegheny County, Pennsylvania, when Defendant failed to appear at the hearing in this matter. A true and

correct copy of the Order of Court finding the Plaintiff not guilty is attached hereto and marked Exhibit B.

17. As a direct and proximate cause of the Defendants' actions, the Plaintiff has suffered the following injuries and damages:

a. His right to free speech under the First Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment, has been violated;

b. His right to due process of law under the Fourteenth Amendment of the United States Constitution has been violated by the arbitrary, capricious, and unreasonable application of the Pennsylvania Vehicle Code;

c. His right to be free from malicious prosecution under the Fourth Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment, has been violated;

d. He has had to expend funds to defend himself against the unjustified charges; and

e. He has undergone pain and suffering, emotional trauma, humiliation and distress.

18. The Pennsylvania State Police and its commissioner, Jeffrey B. Miller, by virtue of custom, pattern, practice, training and/or policy, authorizes its police officers to act in an unconstitutional fashion by issuing citations under the Pennsylvania Vehicle Code against people who exercise their freedom of speech by using insulting finger gestures.

19. The Pennsylvania State Police and its commissioner, Jeffrey B. Miller, are deliberately indifferent to the misapplication of the Pennsylvania Vehicle Code to prosecute people engaged in Constitutionally protected expressive activities.

## COUNT 1

20. The Defendants' application of 75 Pa. C.S. §3336(1) to issue a traffic citation to the Plaintiff for engaging in Constitutionally protected speech violated the First Amendment of the United States Constitution as it is applied to the states under the Fourteenth Amendment of the United States Constitution.

## COUNT 2

21. The Defendants' prosecution of the Plaintiff without appropriate legal foundation violated the Plaintiff's Fourth Amendment right to be free from malicious prosecution, as that right is applied to the states under the Fourteen Amendment of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Stephen B. Corey, requests that this Honorable Court grants the following relief:

a. Enter a declaratory judgment that the Defendants applied 75 Pa. C.S. §3336(1) in an unconstitutional fashion by citing the Plaintiff for allegedly making an insulting hand gesture.

b. Enter a declaratory judgment that the Defendants the Pennsylvania State Police and Jeffrey B. Miller have a custom, practice, and/or policy of applying the

Pennsylvania Vehicle Code in an unconstitutional manner to retaliate against and to chill a citizen's First Amendment right to free speech.

c. Enter an award for compensatory and punitive damages against all of the Defendants, jointly and severally, on an amount to be determined by the Court.

d. Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. §1988; and

e. Enter such other relief as this Honorable Court may deem just and deserving.

Respectfully submitted,

*Joel M. Dresbold*

Joel M. Dresbold
Attorney for Plaintiff
Pa. I.D. No. 19730

432 Boulevard of the Allies
Pittsburgh, PA 15219
(412) 281-7066

**TRAFFIC CITATION**

CITATION NO. M0215855-3

1. Issuing Dept: 05-2-73
2. Dept Number: TR-2122-05
3. Address of Issuing/Arresting Office: 5024 STEUBENVILLE PIKE MCKEES ROCKS PA 15136
4. Driver Number: 19 504 51 2
7. DOB: 5/01/62
5. Defendant Name: STEPHEN J. B. COREY
9. Defendant Address: 736 GREENTREE RD, PGH PA 15220
11. Reg: ECP G712
12. Reg Yr: 05
13. State: PA
15. Type: SDN
16. Color: S. LLER

24. Charge: METHOD OF GIVING HAND & ARM SIGNALS

Vehicle Code Title 75: 3336 (1)
29. Fine: 25.00
30. EMS: 10.00
31. CAT: 30.00
33. JCP ATJ: 10.00
34. TOTAL DUE: $75.00

Nature of Offense: DEF DID [crossed out] GIVE AN IMPROPER HAND SIGNAL WHILE PASSING MY PATROL CAR NAMELY MIDDLE FINGER UP.

35. Location: PKE TO CAMPBELLS RUN
37. SR 22/30
38. In/Near City: ROBINSON
39. Code: 115
40. Dir of Travel: N
42. Date: 6/25/04
43. Time: 1700
44. Day: FRI
45. County: ALLEGHENY
Code: 02

46. Defendant's Signature: X
FILED

Officer's Signature: TPR ____ NASSAN 525227
Badge No: 6705
ORI Number: PA PSP 1100

REF CIT M0215853-1
M0215854-1
PLNRS

DISTRICT JUSTICE       M0215855

---

Exhibit A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA
## SUMMARY APPEALS BRANCH

COMMONWEALTH OF PENNSYLVANIA

CL# 2192 OF 04

VERSUS

STEPHEN COREY

### ORDER OF COURT

### APPLICABLE BOX CHECKED BELOW

DATE: NOVEMBER 23, 2004

[X] DEFENDANT ADJUDGED NOT GUILTY UPON COMPLAINANTS FAILURE TO APPEAR.

[ ] DEFENDANT ADJUDGED GUILTY HAVING FAILED TO APPEAR. JUDGEMENT IS ENTERED ON THE JUDGEMENT OF THE ISSUING AUTHORITY PURSUANT TO PA. RULES OF CRIMINAL PROCEDURE 462(D), 42 PA C.S.A.

[ ] APPEAL DISMISSED. DEFENDANT AND COMPLAINANT FAILED TO APPEAR. COMMONWEALTH RESTS ON THE RECORD. JUDGMENT AND SENTENCE OF THE LOWER COURT IS UPHELD.

[ ] DEFENDANT IS ADJUDGED GUILTY. SENTENCE BELOW*.

[ ] DEFENDANT IS FOUND GUILTY OF A REDUCED CHARGE. _____ SENTENCE BELOW*.

[ ] DEFENDANT IS ADJUDGED NOT GUILTY.

[ ] WITHDRAWN BY COMMONWEALTH

[ ] OTHER _____

*APPLICABLE SENTENCE: FINE PLUS COSTS

ALL FINES, FEES, COSTS AND APPLICABLE RESTITUTION (IF ANY) PAYABLE TO THE CLERK OF COURTS OF ALLEGHENY COUNTY IN 60 DAYS OR THROUGH THE CLERK OF COURTS AS ARRANGED. ALL JAIL SENTENCES TO BE EFFECTUATED BY SUMMARY APPEALS COURT!!!

BY THE COURT,

_[signature]_

ORIGINAL CONVICTION: 9/1/04

CHARGE: 3331

CITATION: M0215855-3

TR.NT: TR-2122-04

IF APPLICABLE, DEFENSE HAS THIRTY (30) DAYS FROM THE DATE OF THIS ORDER TO FILE AN APPEAL TO THE SUPERIOR COURT

Exhibit B

## VERIFICATION

I, Stephen B. Corey, verify, under penalty of perjury, that the allegations in the foregoing Complaint are true and correct to the best of my personal knowledge, information and belief.

*Stephen B. Corey*
Stephen B. Corey

Date: 1-31-05

# CIVIL COVER SHEET

**05-0114**

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHEN B. COREY

**DEFENDANTS** SAMUEL J. NASSAN, III, THE PENNSYLVANIA STATE POLICE, JEFFREY B. MILLER

(b) County of Residence of First Listed Plaintiff: **Allegheny**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Allegheny**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Joel M. Dresbold, 432 Boulevard of the Allies, Pittsburgh, PA 15219, 412-281-7066

Attorneys (If Known):

## II. BASIS OF JURISDICTION
- [x] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
Citizen of This State: PTF [x]1  DEF [x]1

## IV. NATURE OF SUIT
- [x] 440 Other Civil Rights

## V. ORIGIN
- [x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: **42 USC §1983**
Brief description of cause: Violation of freedom of speech for issuing citation for gesture.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
JURY DEMAND: [x] No

## VIII. RELATED CASE(S) IF ANY

**DATE:** Feb. 1, 2005

**SIGNATURE OF ATTORNEY OF RECORD:** Joel M. Dresbold